*CLOSED*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAYBREAK EXPRESS, INC. et al., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> VMG INVESTMENT & : <br> DEVELOPERS CO. , : <br> : <br> Defendant. : | Civil Action No. 11-2527 (SRC) <br><br> **OPINION & ORDER** |

**CHESLER**, U.S.D.J.

This matter comes before the Court on the motion for entry of default judgment (Docket Entry No. 32), pursuant to Federal Rule of Civil Procedure 55(b)(2), by Plaintiffs Daybreak Express, Inc. and Daybreak Fast Freight, Inc.  In brief, Plaintiffs seeks entry of judgment by default as to Defendant VMG Investment & Developers Co.  The motion for entry of default judgment will be granted in part.

On a motion for default judgment, the well-pleaded facts in the Complaint are accepted as true.  "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).  Damages must still be proven.

As to damages, Plaintiffs point to the Rate Confirmation Agreement, which states that liability for loss shall be the replacement cost.  (Thor Aff. Ex. E.)  Plaintiffs have submitted evidence which shows a replacement cost of $44,499.51.  Plaintiffs also seek damages for: 1) "testing of material" at $8,250; 2) "overtime charges for replacement batch" at $12,000; and 3)

"estimated destruction cost" at $720.  (Thor Aff. Ex. C.)  Plaintiffs have given this Court no basis to conclude that testing and destruction costs are within the scope of the replacement cost for the loss.  Nor have Plaintiffs submitted evidence to support the amount of the destruction cost.  Plaintiffs have documented the overtime charges for replacement, which are within the scope of the replacement cost of the loss.  Plaintiffs will be awarded replacement cost damages in the amount of $56,499.51.

Plaintiffs also seek prejudgment interest, postjudgment interest, and attorney's fees.  "The allowance of prejudgment interest is a matter of discretion for the trial court."  County of Essex v. First Union Nat. Bank, 186 N.J. 46, 61 (2006).  In this case, this Court finds that an award of prejudgment interest is warranted, and it should be calculated using the method set forth in the New Jersey Court Rule that sets prejudgment interest in tort actions, R. 4:42-11(b).  As for post-judgment interest, in New Jersey, "[a]s a matter of historical practice, post-judgment interest is routinely awarded."  Marko v. Zurich North American Ins. Co., 386 N.J. Super. 527 (N.J. Super. Ct. App. Div. 2006).  Post-judgment interest shall be awarded pursuant to 28 U.S.C. § 1961.  Plaintiffs are entitled to attorney's fees pursuant to their tariff, and they may submit an affidavit establishing those fees.

For these reasons,

**IT IS** on this 24th day of January, 2012,

**ORDERED** that Plaintiffs' motion for entry of default judgment (Docket Entry No. 32), pursuant to Federal Rule of Civil Procedure 55(b)(2), is **GRANTED** in part and **DENIED** in part, and Judgment in favor of Plaintiffs is hereby entered against Defendant in the amount of $56,499.51, plus prejudgment and post-judgment interest, and attorney's fees, in amounts to be

2

determined; and it is further

**ORDERED** that, within 7 days of the date of entry of this Order, Plaintiffs shall submit affidavits which establish the amounts of prejudgment interest and attorney's fees, in accordance with this Opinion and Order.

                                                                              s/ Stanley R. Chesler
                                                                Stanley R. Chesler, U.S.D.J.